# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

S.C.

    Plaintiff-Appellee/Cross-Appellant,

v.

METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON CO. TENNESSEE D/B/A METROPOLITAN NASHVILLE PUBLIC SCHOOLS

    Defendant-Appellant/Cross-Appellee.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
_____

**FOURTH BRIEF**

**Appellee/Cross-Appellant S.C.**

Mary A. Parker
Stephen Crofford
**PARKER & CROFFORD**
5115 Maryland Way
Brentwood, TN 37027
(615) 244-2445 phone
(615) 255-6037 facsimile
mparker@parker-crofford.com
stephencrofford@msn.com

*Attorneys for S.C.*

# TABLE OF CONTENTS

TABLE OF CONTENTS……………………………………… 2

TABLE OF AUTHORITIES …………………………........... 3

REPLY OF S.C. TO THE RESPONSE OF MNPS ON THE CROSS APPEAL OF S.C.   ……………………………………… 4

    A. S.C.'S APPEAL ON HER TITLE IX "BEFORE CLAIM" BASED UPON DOE EX. REL. DOE #2 V. MNPS IS WELL TAKEN AND HER CASE MUST BE REMANDED………. 4

        1. *DOE EX. REL. DOE #2 V. MNPS*, 35 F. 4TH 459 (6TH CIR. 2022), IS CONTROLLING AUTHORITY…………. 4

        2. THE FACTS OF S.C. AS TO THE "BEFORE CASE" MUST BE APPLIED TO THE LEGAL STANDARD SET OUT IN *DOE EX. REL. DOE #2 V. MNPS*.   ……… 5

    B. THE TRIAL COURT DISMISSED A PORTION OF S.C.'S AFTER CLAIM BASED ON *KOLLARITSCH* AND REMAND IS REQUIRED.   ………………………… 5

    C. THE TRIAL COURT DID NOT CONSIDER THE "BEFORE CLAIM" UNDER §1983 AND MUST BE DIRECTED TO DO SO ON REMAND.   ………………….. 6

CONCLUSION ……………………………………………........ 7

CERTIFICATE OF COMPLIANCE ……………………........... 8

CERTIFICATE OF SERVICE ……………………………………... 9

ADDENDUM ……………………………………………….... 10

# TABLE OF AUTHORITIES

**Cases**

*Doe Ex. Rel. Doe #2 v. MNPS*, 35 F. 4th 459 (6th Cir. 2022) …………..   4, 5, 7, 8

*Karasek v. Regents of Univ. of Cal.,* 956 F.3d 1093 (9th Cir. 2020).....   5

*Kollaritsch v. Michigan State Univ. Bd. Of Trustees*, 944 F.3d 613
    (6th Cir. 2019) …………………………………………….   5, 6, 7

*Miller v. Caudill*, 936 F.3d 442, 447-48 (6thCir. 2019) ………………   5

**Rules and Statutes**

42 U.S.C. § 1983................................................................................   6, 7

# REPLY OF S.C. TO THE RESPONSE OF MNPS
# ON THE CROSS APPEAL OF S.C.

### A. S.C.'S CROSS APPEAL ON HER TITLE IX "BEFORE CLAIM" BASED UPON *DOE EX. REL. DOE #2 V. MNPS* IS WELL TAKEN AND HER CASE MUST BE REMANDED.

**1. *Doe Ex. Rel. Doe #2 v. MNPS*, 35 F. 4th 459 (6th Cir. 2022), is controlling authority.**

The 6th Circuit Court of Appeals decided the *Doe Ex. Rel. Doe #2 v. MNPS*, 35 F. 4th 459 case, not only on a similar Summary Judgment ruling, but on the identical Summary Judgment ruling that is the subject of Appellant MNPS' appeal herein. Clearly unable to distinguish S.C.'s "before claim" from the controlling Sixth Circuit published precedent, MNPS simply argues the Court was wrong. Despite the fact that MNPS requested and was denied *en banc* consideration in *Doe Ex. Rel. Doe #2 v. MNPS*, 35 F. 4th 459, on August 5, 2022, 2022 WL 3221938, and, thereafter, filed a Petition for Certiorari to the United States Supreme Court which was, likewise, denied on January 23, 2023, 2023 WL 124074, it now comes before this Court with the wholly baseless claim that the holding in *Doe Ex. Rel. Doe #2 v. MNPS* was wrong with no legal or factual support for the claim.

Counter-Appellant has no desire to waste the Court's time by re-arguing controlling 2022 6th Circuit authority that this panel is bound to follow. There is no conflicting intervening United States Supreme Court precedent that would

require modification, hence this panel must follow *Doe Ex. Rel. Doe #2 v. MNPS*. See *Miller v. Caudill*, 936 F.3d 442, 447-48 (6thCir. 2019).

### 2. The facts of S.C. as to the "before case" must be applied to the legal standard set out in *Doe Ex. Rel. Doe #2 v. MNPS*.

MNPS argues, just as they did in *Doe Ex. Rel. Doe #2 v. MNPS,* that the evidence presented at Summary Judgment was insufficient for the motion to be denied. This Court is bound to leave the challenge of MNPS regarding facts to the trial court on remand, just as in *Doe Ex. Rel. Doe #2 v. MNPS*, in fn. 4.

> "4. The dissent notes faults with the student's deliberate indifference evidence and emphasizes that the district court must decide in the first instance whether there was deliberate indifference. Dissent Op., at 472–73. We make no finding as to the sufficiency of the students' evidence and we remand to the district court to determine whether the record evidence is sufficient to satisfy the standard elaborated in *Karasek [Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093 (9th Cir. 2020)]."

*Doe Ex. Rel. Doe #2 v. MNPS,* at 466.

### B. THE TRIAL COURT DISMISSED A PORTION OF S.C.'S AFTER CLAIM BASED ON *KOLLARITSCH* AND REMAND IS REQUIRED

MNPS attempts to mislead this Court by misstating issues decided by the trial court, based on *Kollaritsch. Kollaritsch v. Michigan State Univ. Bd. Of Trustees*, 944 F.3d 613 (6th Cir. 2019), claiming that the trial court did not dismiss any "after claim" issues at summary judgment. (MNPS 3rd Brief Doc. 42, p. 31).

5

As MNPS well knows, the trial court dismissed some of S.C.'s after claim as a direct result of the Court's misunderstanding of what *Kollaritsch* required.

> "Before" claims, moreover, are not the only plausible theories of liability that *Kollaritsch* foreclosed. The Court considered and rejected the possibility that a Plaintiff might have a Title IX claim based on the fact that a school's handling of the investigations of her harassment was itself traumatic or inappropriate but did not cause any future instances of harassment. See *Kollaritsch,* 944 F.3d at 618."

*Findings of Fact & Concl. of Law*, RE 182, Page ID #5179.

The trial court, upon remand from this Court, must determine if any "after claims" that were dismissed at summary judgment incorrectly based upon the *Kollaritsch* case, should be reinstated.

### C. THE TRIAL COURT DID NOT CONSIDER THE "BEFORE CLAIM" UNDER §1983 AT TRIAL AND MUST BE DIRECTED TO DO SO ON REMAND.

MNPS inaccurately states that the "before claim" under §1983 was tried, and further inaccurately claims S.C. did not appeal the §1983 "before claim". The trial court specifically noted in its ruling on the §1983 "after claim" that the failure to train theory claim and its causation must apply to the claims still before the court. The trial court held as follows:

> The connection, moreover, must apply to the claims that are actually still before the court and not foreclosed by existing caselaw for other reasons—that is, the claims regarding post

6

> incident harassment. S.C. has not demonstrated that better training or different district-level policies would have prevented that particular harassment. Different policies might have prevented this situation from arising at all, but such a theory of the case is no longer available in this circuit".

*Findings of Fact & Concl. of Law*, RE 182, Page ID #5193.

S.C. specifically appealed her §1983 claim in her Notice of Appeal. (RE 197, Page ID # 5371.) S.C. further, referenced the §1983 appeal in the civil appeal statement for this Court. (*Civil Appeal Statement*, Doc. 13, p.1).

The trial court refused to consider at trial the §1983 "before claim" because she had dismissed the Title IX "before claim" pursuant to her interpretation of the *Kollaritsch* opinion. The court found that the Title IX claim and the §1983 claim rose and fell together. S.C., therefore, as previously briefed, maintains that the "before" §1983 claim must be remanded to the trial court as was ordered in *Doe ex rel. Doe #2 v Metro.*, 35 F. 4th 459, 468 (6th Cir. 2022). (S.C. Second Brief Doc. 32, pp. 53-54).

## CONCLUSION

Having fully responded to Brief #3 of the Counter-Appellee MNPS', Counter-Appellant S.C requests that this Court grant her appeal and confirm the judgment of the trial court, as ordered, and grant remand of the claims the District Court dismissed on Summary Judgment for further consideration of the trial court,

7

pursuant to the holding in *Doe ex rel. Doe #2 v Metro.*, 35 F. 4th 459, 468 (6th Cir. 2022).

Respectfully submitted,

s/ *Mary A. Parker*
Mary A. Parker #6016
Stephen Crofford #12039
**PARKER & CROFFORD**
5115 Maryland Way
Brentwood, TN 37027
Tel.: 615-244-2445
Fax: 615-255-6037
stephencrofford@msn.com
mparker@parker-crofford.com

*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing document complies with the word limit of Fed. R. App. P. 32(a)(7)(B), excluding the parts of the document exempted by Fed. R. App. P. 32(f), and it contains 1015 words. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it was prepared using Times New Roman 14-point type in Microsoft Word for Office 365.

/s/*Mary A. Parker*
Mary A. Parker

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of February 2022, a true and correct copy of the foregoing was served via the court's electronic filing system to J. Brooks Fox, Metropolitan Courthouse, Suite 108 P.O. Box 196300 Nashville, TN 37219.

                                        /s/*Mary A. Parker*
                                        Mary A. Parker

**ADDENDUM**

# DESIGNATION OF CITED DISTRICT COURT DOCUMENTS WITHIN FOURTH BRIEF FILED FEBRUARY 1, 2022

## (WITHIN THE ELECTRONIC RECORD)

| RE No. | TITLE | Page ID # Range |
|---|---|---|
| 125 | Second Order on Summary Judgement | 4376-4378 |
| 182 | Findings of Fact and Conclusions of Law | 5134-5198 |
| 183 | Order | 5199-5199 |
| 184 | Entry of Judgment | 5200-5200 |
| 197 | Notice of Cross-Appeal | 5371-5372 |